## MUNDY *v.* KENDALL and others.

*(Circuit Court, D. New Jersey.  March 16, 1885.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION—LACHES.
   Where a patentee has known of infringement by a party of his patent, and acquiesced therein for a considerable length of time, a preliminary injunction will not be granted, without an explanation of such acquiescence.

NIXON, J. This is a motion for a preliminary injunction against the infringement of reissued letters patent No. 9,289, and is resisted by the defendants on the ground that the mechanism used by them does not infringe the complainant's invention. The original patent was numbered 158,967, dated January 19, 1875, and was granted to the complainant for improvement in friction-drums. This was surrendered and canceled, and the reissue was granted July 13, 1880, on amended specifications. Three new claims were added to the reissue, and the single claim of the original patent was retained. The bill of complaint only alleges the infringement of that claim. .

The question, on this motion, lies in a very narrow compass. The validity of the patent has been sustained, and the claim construed by Judge WHEELER, in *Mundy* v. *Lidgerwood Manuf'g Co.* 20 FED. REP. 114. In deciding the motion, I shall deem the patent valid, and accept the construction given to it by the learned judge in that case. The invention relates to new and useful improvements in friction-drums for pile-drivers and hoisting-machines, and is said in the specifications "to consist in making the friction surface of the drum of pieces of wood confined endwise in a shell formed on the inner side of the gear-wheel; such pieces of wood being dove-tailed in, and turned at an angle of 30 to 40 degrees, to fit within a conically recessed disk on the drum." The claim is for a combination as follows:

"(4) The combination of a tubular and sliding drum, A, loose on a shaft, G, and a friction-cone, D, of the fast-driven spur-wheel, E, having spring,

P, to repel the said cone, and provided with a side flange supporting the cone, N, as and for the purpose described."

It contains six elements: (1) a drum; (2) a shaft; (3) friction-cone; (4) a spur-wheel; (5) a spring; and (6) a side flange. The harmonious connection of these parts in an organized mechanism constitutes the complainant's friction-drum; and the proofs show that its addition to a hoisting-engine has been found so useful, and its use so popular in the trade, that it has become quite difficult to sell a hoisting-engine unless it is supplied with a friction-drum containing the essential features of the complainant's invention. The machine of the defendants which is alleged to infringe has substantially the same organization. It has the tubular and sliding drum; the shaft in which the drum runs loose; a friction-cone; a driving-wheel fastened to the shaft; springs to regulate the pressure between the friction surfaces, and to throw the parts out of connection with promptness when required; and a side flange to support the friction surface. The differences are that the friction surface of the complainant's patent is wood, and that of the defendant's, leather; that the complainant has one spring to regulate the pressure, and the defendant, two; that in the complainant's machine the bearing of the friction surface is between the inner face of the drum-flange and the outer face of the friction-cone, while in the defendant's it is between the outer face of the drum-flange and the inner face of the friction-cone. But these changes are merely mechanical, or the substitution of well-known equivalents.

I should have no doubt about the propriety of issuing the injunction if it was not so plainly to be inferred from the complainant's affidavits that he has been familiar with the defendant's infringement, and has assigned no reason why he has not proceeded more promptly in stopping it. The affidavits nowhere disclose when he first had knowledge. A patentee need not expect to obtain a preliminary injunction in this district where he has known of the defendant's infringement, and has acquiesced in the same for any length of time, without first explaining the reason for his acquiescence. As this matter was not adverted to, by the counsel on either side, at the hearing, I will give the parties 10 days in which to supply affidavits on the subject of the knowledge and acquiescence of the complainant in this regard. When these affidavits are put in, I will determine whether an injunction should be ordered or refused, or whether the proper relief will not be an order that the defendants give a bond, with satisfactory security, for the payment of all damages which may arise for infringement after the date of this application if the complainant's patent shall be sustained in final hearing.